FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 0 5 2009 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORNA JACKSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NAVILLUS TILE, INC.<br>d/b/a NAVILLUS CONTRACTING,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br>NO. CV09 534<br><br>IRIZARRY, J.<br>JURY TRIAL DEMANDED<br><br>LEVY, M.J. |

## COMPLAINT

Plaintiff Lorna Jackson ("Plaintiff") brings this lawsuit against Defendant Navillus Tile, Inc. d/b/a Navillus Contracting ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York State Labor Law ("NYSLL"), § 190, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff is an individual residing in Corona, New York.

5. Defendant is a New York corporation maintaining a principal place of business in Long Island City, New York.

6. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

7. Defendant's annual gross volume of business done exceeds $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8. Defendant is an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and/or NYSLL.

## FACTS

9. Defendant is a "premier contractor, specializing in high-end commercial masonry, tiling and stone."

10. From approximately December 2005 until the spring of 2008, Plaintiff was directly employed by Defendant as a receptionist. As such, Plaintiff was engaged in commerce or in an occupation directly related to producing, working on, manufacturing, handling, or transporting goods in commerce.

11. Throughout her employment with Defendant, Plaintiff was an employee covered by the overtime pay mandates of the FLSA and the NYSLL.

12. Plaintiff often worked in excess of 40 hours per workweek because, for example, she was required to work through her unpaid meal break. On such occasions, Defendant failed to pay Plaintiff any compensation for hours worked over 40 during the workweek.

13. In failing to compensate Plaintiff for hours worked over 40 in a workweek, Defendant acted willfully and with reckless disregard of clearly applicable FLSA and NYSLL provisions.

## COUNT I

### (Alleging Violations of the FLSA)

14. All previous paragraphs are incorporated as though fully set forth herein.

15. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

16. Defendant violated the FLSA by failing pay Plaintiff any compensation for hours worked over 40 during the workweek.

17. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II

### (Alleging Violations of the NYSLL)

18. All previous paragraphs are incorporated as though fully set forth herein.

19. The NYSLL entitles employees to overtime compensation at least one and one-half times the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2.

20. Defendant violated the NYSLL by failing pay Plaintiff any compensation for hours worked over 40 during the workweek.

21. In violating the NYSLL, Defendant acted willfully and with reckless disregard of clearly applicable NYSLL provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Compensatory and back pay damages to the fullest extent permitted under federal and state law;

B.  Liquidated damages and monetary penalties to the fullest extent permitted under federal and state law;

C.  Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date: February 2, 2009

Peter Winebrake, Esq.
S.D.N.Y. Bar I.D. PW0426
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Phone: (215) 884-2491